IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

Beverly Joan De Ronde                                            Case No. 10-03202-als7

                              Debtor                      Chapter 7

Jerry Hackert,
Phyllis Hackert,
Alan Buitenwerff,
C.L. Leydens,
Cynthia Van Zee,
Elizabeth Van Dusseldorp,
Dianna Veenstra,
Bill De Heer,
Wesley Veenstra,
Arlys Veenstra,
Helen Roberts,
Don De Bruin,
Ward Bonnett,
Arlene Bonnett,
Florence Rempe                                          Adv. Pro. 10-30138-als

                              Plaintiffs

       v.

Beverly Joan De Ronde

                              Defendant

**MEMORANDUM OF DECISION**
**(date entered on docket: October 24, 2012)**

       The matter before the Court arises from the trial conducted in the above captioned adversary complaint. Appearing for the Plaintiffs were Chet A. Mellema and Donald F. Neiman. The Defendant, Beverly De Ronde ("Defendant" or "De Ronde"), was represented by Michael L. Jankins. At the conclusion of trial the matter was deemed fully submitted.

Jurisdiction for these matters is found at 28 U.S.C. sections 157(b)(1) and 1334. The following findings of fact and conclusions of law are entered by the Court pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014. For the reasons set forth herein, the Debtor's discharge is denied.

## COURSE OF PROCEEDING

De Ronde filed a voluntary chapter 7 proceeding on June 24, 2010. On October 6, 2010 this adversary proceeding was timely filed on behalf of fifteen individual Plaintiffs alleging objections to discharge under both 11 U.S.C. sections 523 and 727. Pursuant to a request by the United States Trustee, this adversary proceeding was consolidated with a separate case initiated by that office involving claims under 11 U.S.C. section 727. In the order granting consolidation of the adversary proceedings, the claims under 727 were bifurcated into an initial and separate trial phase. The United States Trustee later dismissed its adversary proceeding. Thereafter, Plaintiffs sought to have the allegations under 523 and 727 heard simultaneously at trial, to which the Defendant objected. On April 5, 2012 an order sustaining the objection was entered. A Notice and Order for Trial on the issues arising under 11 U.S.C. section 727 was docketed and scheduled trial for September 11, 2012.

On August 22, 2012 the Defendant filed a Motion to Continue the trial based upon two developments: 1) A Notice filed by the United States Attorney's Office in the main bankruptcy case on August 20, 2012 that outlined an ongoing criminal investigation involving the Debtor; and 2) The execution of a search warrant upon De Ronde on August 15, 2012. Plaintiffs resisted Defendant's request for a continuance. A telephonic hearing was conducted and the Motion for a continuance was denied.

Trial proceeded on September 11, 2012. At the conclusion of Plaintiffs' case Defendant's counsel made a Motion for Directed Verdict. Pursuant to Bankruptcy Rule 7052 and Federal Rule of Civil Procedure 52, the Court granted Judgment on Partial Findings in favor of the Defendant on the cause of action arising under 11 U.S.C. section 727(a)(3), and this count was dismissed. The Motion was denied as to 11 U.S.C. section 727(a)(5).

## FACTS

De Ronde borrowed substantial funds from family, friends and co-workers over a time period of 8 years beginning in 2002 and ending in 2010. Based upon the record, she does not deny obtaining these loans, but disputes the balances owing on some of the transactions. When making a request to borrow, the Defendant generally indicated that she was planning a surprise for her husband by restoring a 1934 pick-up truck or purchasing tools for his part time job at a marina. The date of the surprise varied from his birthday, their anniversary, or other random events. De Ronde always stated that to protect the element of surprise the borrowing must remain secret. In spite of her promises to repay the amounts owing to the Plaintiffs, the complaint asserts that at the time of her bankruptcy filing the Defendant owed these individuals a combined total of $667,510.[1] The issue remaining before the Court for determination arises from the Plaintiffs' contention that De Ronde is unable to adequately explain the disposition of this large sum prior to her bankruptcy filing.

## DISCUSSION

Denying a debtor's discharge under 11 U.S.C. section 727 is a harsh penalty and such a request is strictly construed against the complaining party and liberally in favor of the debtor in order to preserve the concept of a fresh start which is an essential purpose of bankruptcy relief.

---

[1] The majority of creditors and debt set forth on Schedule F of Defendant's original filing includes 18 individuals with undisputed aggregate loans in the amount of $625,700.

See Korte v. United States (In re Korte) 262 B.R. 464, 471 (B.A.P. 8th Cir. 2001); Rutland v. Petersen (In re Petersen), 323 B.R. 512, 516 (Bankr. N.D. Fla. 2005).

Pursuant to 11 U.S.C. section 727(a)(5), "[t]he court shall grant the debtor a discharge, unless the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." (2010). A party objecting to debtor's discharge based upon an alleged failure to satisfactorily explain a loss of assets must demonstrate: (1) that debtor at one time, not too remote from the petition date, owned identifiable assets; (2) that debtor, on the date the bankruptcy case commenced, no longer owned these particular assets; and (3) that the bankruptcy pleadings do not reflect adequate explanation for the disposition of these assets. See Farm Serv. Agency v. Jackson (In re Jackson), 456 B.R. 478, 496 (Bankr. D. Mont. 2011); Schilling v. O'Bryan (In re O'Bryan), 246 B.R. 271, 279 (Bankr. W.D. Ky. 1999). Section 727(a)(5) does not require an element of intent. See Noff v. Gannon (In re Gannon), 173 B.R. 313, 317 (Bankr. S.D.N.Y. 1994).

Plaintiffs bear the initial burden of proof by a preponderance of the evidence and must show "more than merely an allegation that the debtor has failed to explain losses." 6-727 Collier on Bankruptcy ¶ 727.08 (16th ed. 2012); See also Barclays/Am. Bus. Credit v. Adams (In re Adams), 31 F.3d 389, 393-94 (6th Cir. 1994); In re Chalik, 748 F.2d 616, 619 (11th Cir. 1984). Upon evidence of the disappearance of assets the burden shifts to the debtor for explanation. See 11 U.S.C. § 727(a)(5) (2010); In re Chalik, 748 F.2d 616, 619 (11th Cir. 1984). The loss or deficiency of Debtor's assets that requires explanation in this proceeding is not minimal.

According to Schedule F submitted by De Ronde, a total of $405,700 was borrowed between 2008 and 2010 from various individuals.[2]

"[A]n action under § 727(a)(5) focuses entirely on the plausibility of the debtor's explanation for the loss or deficiency." Krohn v. Cromer (In re Cromer), 214 B.R. 86, 95 (Bankr. E.D.N.Y. 1997). A satisfactory explanation has not been definitively defined; it may mean "reasonable" or it could also mean that an explanation satisfies the court such that the court believes the explanation and no longer wonders what happened to the assets. See First Am. Bank v. Bodenstein (In re Bodenstein), 168 B.R. 23, 33 (Bankr. E.D.N.Y. 1994); 6-727 Collier on Bankruptcy ¶ 727.08 (16th ed. 2012). "It is [the debtor] who has caused the loss, who has access to the facts, and who alone knows what the explanation is; let him make it, let him satisfy the court that it really explains. Else he will not be discharged." Federal Provision Co. v. Ershowsky, 94 F.2d 574, 575 (2d Cir. 1938). To avoid denial of discharge, a debtor's explanation must contain more than vague references as to how the money was spent. See, e.g., Kaler v. Schrader (In re Schrader), No. 05-32516 Adversary No. 06-7028, 2006 Bankr. LEXIS 4037 at *23 (Bankr. D. N.D. Aug. 11, 2006).

De Ronde did not appear at trial and discharge may be denied on this basis if the Plaintiff presents a prima facie case. See In re MacPherson, 129 B.R. 259, 261-62 (M.D. Fla. 1991); In re Lowndes, 95 B.R. 194, 195-96 (D. Colo. 1989); Grant v. Sadler (In re Sadler), 282 B.R. 254, 262-63 (Bankr. M.D. Fla. 2002); In re Ishahak, 130 B.R. 16, 20 (Bankr. E.D.N.Y. 1991); In re Howard, 55 B.R. 580, 583 (Bankr. E.D. N.C. 1985); Hunn v. Hunn (In re Hunn), 51 B.R. 981,

---

[2] The debt owing to Allen Rempe was excluded from this calculation because Schedule F indicated this obligation was incurred in 2003. Creditors Pete and Freeda Roozeboom are listed as being owed the amount of $170,000. These individuals are not named as Plaintiffs in the adversary proceeding. Schedule F does not include information as to the date this claim was incurred, and consequently, a determination of whether this amount was borrowed within the 2 years prior to filing cannot be verified. Consequently, this amount is also not contained in the Court's calculation for purposes of this ruling.

982-83 (Bankr. M.D. Fla. 1985).   Bankruptcy Rule 4002 of the Federal Rules of Bankruptcy Procedure details a debtor's duties.  A debtor must "attend the hearing on a complaint objecting to discharge and testify, if called as a witness." Fed. R. Bankr. P. 4002(a)(2).[3]  Accordingly, if a party in an adversary proceeding brought pursuant to section 727 calls the debtor as a witness, the debtor *must* appear, regardless of a subpoena. See id.

No explanation was provided as to why De Ronde elected not to attend the trial. Presumably, she did not appear for the same reasons set forth in her request to continue the trial that related to her Constitutional rights under the Fifth Amendment.  A potential claim of privilege under the Fifth Amendment does not excuse Defendant's failure to appear.   "The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of incrimination.  It is for the court to say whether his silence is justified, and to require him to answer if it clearly appears to the court that he is mistaken." Hoffman v. U.S., 341 U.S. 479, 486 (1951) (citations omitted).

Whether a discharge may be denied through a motion for default based solely upon a violation by the debtor-defendant of Bankruptcy Rule 4002(a)(2) is left to the discretion of the court. See Grant v. Sadler (In re Sadler), 282 B.R. 254, 262-63 (Bankr. M.D. Fla. 2002).  In this proceeding, the Plaintiffs' pre-trial request for a default judgment based upon De Ronde's failure to appear was denied which required their claims to be established under the requisite burden of proof.  The Plaintiffs successfully met their initial burden under 11 U.S.C. section 727(a)(5) in showing that assets were obtained by De Ronde during a time period not too remote from her

---

[3] Bankruptcy Rule 4002 was amended in 2008 to require debtors to provide documentation to the trustee, which added subdivision (b) to 4002.  Prior to 2008, Rule 4002 did not contain subdivisions, therefore, the case law cited herein may reference 4002(2) for decisions entered prior to the 2008 amendments.

bankruptcy filing, and on the date she filed her petition she no longer had these assets.[4] At this juncture, the burden of proof shifted to the Defendant to explain her loss of assets.

In her deposition, De Ronde claims that she paid other creditors with the borrowed funds, but no detail as to recipient, amount or date of such repayments were part of her testimony.[5] The only evidence relied upon by the Defendant at trial is a series of bank account records. The account statements, however, do not include the missing details related to any alleged payments or disposition of assets. No documentation was included in these exhibits that identifies the payees of specific checks; the source of deposits, or the disposition of substantial cash withdrawals. Numerous handwritten notes were included with the bank account exhibits. No foundation was provided related to these notations. The absence of any testimony from the Defendant related to these handwritten notes results in giving them little to no weight as an explanation for the loss of assets.

Defendant's exhibits alone are insufficient to satisfactorily explain the loss of such substantial assets. If a debtor claims that records explain the loss in value of her property, "the burden [is] on the Debtor to prove what she alone claims was obvious from [her] records." Sonders v. Mezvinsky (In re Mezvinsky), 265 B.R. 681, 693 (Bankr. E.D. Pa. 2001) (quoting Pyramid Technology Corp. v. Cook (In re Cook), 146 B.R. 934, 942-43 (Bankr. E.D. Pa. 1992). "No one is obligated to recreate the Debtor's financial affairs; that task is [hers] alone." Id. at 691 (citing Goldberg ex rel. Lawrence v. Lawrence (In re Lawrence), 227 B.R. 907, 915 (Bankr. S.D. Fla. 1998). The debtor's attempt to "blitz the court with raw financial data" and "request the judge to sift through the documents and attempt to reconstruct the flow of the debtor's assets"

---

[4] The Court takes judicial notice of the Defendant's bankruptcy schedules filed in her chapter 7 proceeding, case number 10-03202, at docket number 9. See also Transcript of Defendant's deposition.
[5] The Plaintiffs offered Defendant's deposition into evidence. This exhibit was received over defense counsel's objection, but was limited to information relevant to the action pending under 11 U.S.C. section 727(a)(5).

is not evidence that satisfies the debtor's burden to satisfactorily explain her loss of substantial assets. <u>Pyramid Technology Corp. v. Cook</u> (<u>In re Cook</u>), 146 B.R. 934, 943 (Bankr. E.D. Pa. 1992). Based upon the record, De Ronde has provided neither an adequate nor plausible explanation for the loss or deficiency of substantial assets prior to her bankruptcy filing.

For the reasons stated herein the Defendant's general discharge is denied pursuant to 11 U.S.C. section 727(a)(5) (2010) and judgment shall enter accordingly.


/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge


Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Adversary Proceeding